UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL J. BERRY, ET AL.**               **CIVIL ACTION**

**VERSUS**                                  **NO. 24-743**

**TITAN SOLAR POWER LA, INC., ET AL.**     **SECTION: D (2)**

### ORDER AND REASONS

Before the Court is a Motion for Leave to File Objection[1] by Defendant Ross Erstling in addition to a Report and Recommendation[2] from the United States Magistrate Judge on the Motion to Enforce Compromise.

The Court, having considered *de novo* Plaintiffs Michael J. Berry and Cheryl Berry's Motion to Enforce Compromise,[3] Defendant Ross Erstling's Response in Opposition,[4] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[5] and the Defendant Erstling's objections to the Report and Recommendation,[6] and Plaintiffs' Response to the Objections,[7] hereby overrules the objections and approves the Report and Recommendation and adopts it as its opinion in this matter.

---

[1] R. Doc. 59.
[2] R. Doc. 53.
[3] R. Doc. 49
[4] R. Doc. 52.
[5] R. Doc. 53.
[6] R. Doc. 55. Objections were due August 12, 2025. Because Defendant is proceeding *pro se*, the Court has allowed additional time for objections. Defendant filed objections on August 18, 2025. Additionally, the Court will grant Defendant's Motion for Leave to File Objection.
[7] R. Doc. 56.

I. **PROCEDURAL BACKGROUND**[8]

This matter began with plaintiffs' filing suit against defendant Erstling, among others, alleging violations of the Fair Credit And Reporting Act, 15 U.S.C. § 1638, The Truth In Lending Act, 15 U.S.C. § 1681b, Louisiana Unfair Trade Practice Act, LA R.S. 51:1405, and civil fraud, fraudulent misrepresentation, detrimental reliance, and unjust enrichment.[9] With the assistance of the assigned Magistrate Judge, the parties were able to amicably resolve the matter. On January 28, 2025, plaintiffs filed into the record of Notice of Settlement and the Court issued a conditional order of dismissal.[10]

On June 30, 2025 plaintiffs filed a Motion To Enforce Compromise.[11] That motion was referred to the Magistrate Judge who issued the Report and Recommendation before the Court.[12] Objections to the Report and Recommendations were due by August 12, 2025.[13] Defendant Erstling, proceeding *pro se*, filed his objections on August 18, 2025.[14] Plaintiffs filed a response on August 20, 2025, arguing, in part, that the defendant's objection was untimely filed.[15] Erstling then filed a motion for leave to file objection which included an explanation for the late filed objection.[16]

---

[8] For judicial efficiency, the Court adopts here the Factual Background as outlined in the Background section of the Report and Recommendation. *See* R. Doc. 53.
[9] R. Doc. 1-1.
[10] R. Doc. 41 and R. Doc. 42, respectively.
[11] R. Doc. 49.
[12] R. Doc. 53.
[13] *Id.*
[14] R. Doc. 55.
[15] R. Doc. 56.
[16] R. Doc. 59.

Mr. Erstling contends that he did not receive the Magistrate Judge's Report and Recommendation which was mailed to his former residence as he no longer resides at that residence. Instead, he advises that he was not aware of the Report and Recommendation until it was emailed to him by Plaintiffs' counsel on July 29, 2025.[17] He then contends that his Objections were timely based on service of the Report and Recommendation on July 29, 2025.

Because Mr. Erstling is proceeding *pro se*,[18] and in the interest of justice, the Court exercises its discretion and will consider Mr. Erstling's Objections.

## II. LEGAL STANDARD

Once a magistrate judge's report and recommendation is issued, this Court will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[19] The Court thus conducts its *de novo* review.

## III. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Erstling's first objection is that no meeting of the minds was ever achieved during negotiations to resolve the instant case.[20] For a meeting of the minds to have occurred, the parties must enter into any agreement knowingly and voluntarily.[21] After its independent review of the record, the Court agrees with the Report and Recommendation that the emails evince a meeting of the minds because the only outstanding issue was Erstling's monetary contribution.[22] In an email dated

---

[17] R. Doc. 59.
[18] Though the Court recognizes that it recommended that Mr. Erstling seek representation during the pendency of the matter.
[19] Fed. R. Civ. P. 72(b)(2).
[20] R. Doc. 55, p. 1.
[21] *Bowers v. Abundant Home Health, L.L.C.*, 803 F. App'x 765, 767 (5th Cir. 2020) (per curiam).
[22] R. Doc. 53, p. 6; R. Docs. 49-3, 4, 5, 6, 7, 8.

February 7, 2025, in response to Plaintiff's counsel, Erstling wrote that he agreed to $4,000 as his contribution.[23] A meeting of the minds occurred.

Erstling's second objection is that the compromise did not meet the form requirements under La. Civ. C. art. 3072, which states that a compromise must be reduced to writing and signed by the parties or recited and transcribed in open court.[24] Because this matter was removed to federal court based on federal question jurisdiction, federal substantive and procedural law governs enforceability or validity of settlement agreements.[25] After the Court's review of the record, the Court agrees that the "emails and settlement document exchanged reflect that the parties made an offer, acceptance, consideration, the inclusion of all material or essential terms, and a meeting of the minds."[26] Further, even under Louisiana law, the emails would be sufficient to satisfy the requirements of La. Civ. C. art. 3072.[27]

Erstling's final objection is that the plaintiff's motion contradicts the Court's explicit instructions.[28] Erstling argues that the Court told Plaintiffs to produce enforceable proof of settlement if they wanted to continue pursuing this motion.[29] He contends that the emails are insufficient to establish proof of an enforceable settlement.[30] This Court, however, upon its independent review of the record, agrees

---

[23] R. Doc. 49-7, 49-8. It is not lost on the Court that Mr. Erstling subsequently advised the Magistrate Judge in an April 2025 telephone status conference that he promised to make payment for the full amount of the agreed to funds of $4,000.
[24] R. Doc. 55, p. 2.
[25] R. Doc. 1, ¶ 11; *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984).
[26] R. Doc. 53, p. 6.
[27] *Preston L. Firm, L.L.C. v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 391 (5th Cir. 2010).
[28] R. Doc. 55, p. 2.
[29] *Id.*
[30] *Id.*

with the Report and Recommendation, that under both federal and Louisiana law, the emails constitute proof of an enforceable settlement.[31]

Lastly, Erstling exhorts the Court to impose sanctions.[32] While not entirely clear, Erstling appears to argue that sanctions are appropriate based on Plaintiff's counsel's seeming disregard for the Court's prior instruction to produce evidence of the settlement. This issue was discussed and resolved above. This request for sanctions is not properly before the Court because the Defendant has failed to comply with the procedural and form requirements of Fed. R. Civ. P. 11. As such, the Court declines to consider his request.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ross Erstling's Motion for Leave to File Objection[33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Erstling's Objections[34] to the Report and Recommendation of the United States Magistrate Judge are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation[35] as its opinion in this matter.

---

[31] R. Doc. 53, p. 6.
[32] R. Doc. 55, p. 2-3.
[33] R. Doc. 59.
[34] R. Doc. 55.
[35] R. Doc. 53

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Compromise[36] is **GRANTED**.

New Orleans, Louisiana, September 3, 2025.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[36] R. Doc. 49.